IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 2, 2014

## FREDERICK O. EDWARDS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Weakley County**
**No. 2000-CR4     William B. Acree, Judge**

**No. W2014-01463-CCA-R3-CO  - Filed December 30, 2014**

The Petitioner, Frederick O. Edwards, appeals the Weakley County Circuit Court's summary dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The Petitioner contends that the trial court erred by treating his Rule 36.1 motion as a petition for post-conviction relief and further asserts that he has presented a colorable claim for relief. We agree that the trial court's treatment of the Petitioner's motion to correct an illegal sentence as a petition for post-conviction relief was error, but because we conclude that the Petitioner has not presented a colorable claim, the trial court's order denying relief is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROGER A. PAGE, JJ., joined.

Frederick O. Edwards, Memphis, Tennessee, pro se.

Herbert H. Slatery, III, Attorney General and Reporter; and Rachel E. Willis, Senior Counsel, for the appellee, State of Tennessee.

## OPINION
### PROCEDURAL BACKGROUND

In November 1996, a jury found the Petitioner guilty of four counts of sale of less than .5 grams of cocaine. On November 4, 1996, the trial court sentenced the Petitioner to six years on each count, to be served concurrently, for a total effective sentence of six years. On appeal, this court reversed one conviction and affirmed the remaining three convictions, as well as the sentences. State v. Frederick Ottitus Edwards, No 02C01-9704-CC-00157, 1998 WL 208056, at *6 (Tenn. Crim. App. Apr. 29, 1998).

On February 29, 2000, while on probation for the sale of cocaine convictions, the Petitioner pled guilty to one count of aggravated robbery. The trial court imposed a sentence of twelve years, to be served concurrently to the Petitioner's existing six-year sentence. The trial court entered an order revoking the Petitioner's probation on April 20, 2000.

On July 8, 2014, the Petitioner filed a motion to correct an illegal sentence and vacate his guilty plea pursuant to Tennessee Rule of Criminal Procedure 36.1. The Petitioner argued that the trial court was required to order that his twelve-year sentence for aggravated robbery be served consecutively to his six-year sentence for sale of cocaine because he was on probation when he committed the robbery. He further argued that the illegal sentence was a material element of his plea agreement and concluded that he should be allowed to withdraw his guilty plea.

On July 10, 2014, the trial court entered an order summarily dismissing the motion. The trial court treated the motion as a petition for post-conviction relief and denied it as being untimely filed. This appeal followed.

## ANALYSIS

On appeal, the Petitioner contends that the trial court erred by treating his Rule 36.1 motion as a petition for post-conviction relief. He further asserts that he has made a colorable claim that his sentence is illegal. In particular, the Petitioner alleges that his sentences were required to run consecutively and that the order of concurrent service was in direct contravention of applicable statutes. The State concedes that the trial court erred in construing the Petitioner's motion as a petition for post-conviction relief. However, the State argues that the Petitioner has failed to present a colorable claim and, therefore, asserts that he is not entitled to relief. We agree with the State.

Tennessee Rule of Criminal Procedure 36.1 states in relevant part:

(a) Either the defendant or the state, may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The

-2-

adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

(c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

. . . .

(Emphasis added). A motion to correct an illegal sentence is a remedy separate and distinct from habeas corpus or post-conviction relief. See State v. Jonathan T. Deal, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014). Relief pursuant to Tennessee Rule of Criminal Procedure 36.1 is available at any time upon motion of either the defendant or the State. Therefore, we agree with both the Petitioner and the State that the trial court erred by treating the Rule 36.1 motion as a petition for post-conviction relief and by finding that it was not timely filed. However, this does not conclude our inquiry.

The Petitioner further contends that he has presented a colorable claim for relief and that we should, therefore, remand his case to the trial court for the appointment of counsel and a hearing to determine whether he received an illegal sentence. See Tenn. R. Crim. P. 36.1(b). As we have previously held,

> [b]ecause Rule 36.1 does not define "colorable claim," we have adopted the definition of a colorable claim used in the context of post-conviction proceedings from Tennessee Supreme Court Rule 28 § 2(H): "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief . . . ."

State v. David Morrow, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. Aug. 13, 2014) (citing State v. Mark Edward Greene, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014)).

In support of his contention that he has presented a colorable claim for relief, the Petitioner first directs us to Tennessee Rule of Criminal Procedure 32(c). The Petitioner contends that Rule 32(c) requires that a trial court impose a consecutive sentence when a defendant commits a felony offense while on probation. Rule 32(c)(3) states that

> [w]hen the defendant has additional sentences not yet fully served as the result of convictions in the same or other courts and the law requires consecutive

sentences, the sentence shall be consecutive whether the judgment explicitly so orders or not. This rule shall apply:

> (A) to a sentence for a felony committed while on parole for a felony;
>
> (B) to a sentence for escape or for a felony committed while on escape;
>
> (C) to a sentence for a felony committed while the defendant was released on bail and the defendant is convicted of both offenses; and
>
> (D) for any other ground provided by law.

We find nothing in the language of Rule 32(c) that would require the imposition of consecutive sentencing when a defendant commits a felony offense while on probation. In fact, Tennessee Code Annotated section 40-35-115, discussed more fully below, makes it clear that a trial court has discretion to impose a consecutive sentence when a defendant is sentenced for an offense committed while on probation. The Petitioner's argument is without merit.

The Petitioner also contends that his concurrent sentence was imposed in direct contravention of Tennessee Code Annotated section 40-35-210. The Petitioner contends that subsection 40-35-210(b) contains mandatory language requiring the court to consider certain criteria when determining an appropriate sentence.[1] We agree, however, this section does not mandate a certain outcome—it merely sets forth guidelines for the trial court to follow during the sentencing phase and is, therefore, not dispositive of the issue in the instant case.

Next, the Petitioner points us to Tennessee Code Annotated section 40-35-115(d), which states that "[s]entences shall be ordered to run concurrently if the criteria noted in subsection (b) are not met, unless consecutive sentences are specifically required by statute or the Tennessee Rules of Criminal Procedure." Subsection (b)(6) states that "[t]he court may order sentences to run consecutively if the court finds by a preponderance of the evidence that . . . [t]he defendant is sentenced for an offense committed while on probation." Tenn. Code Ann. § 40-35-115(b) (emphasis added). The Petitioner argues that, because he meets the criterion in subsection (b)(6), the trial court was required to order a consecutive sentence in his aggravated robbery case.

---

[1]Subsection (b) states that "[t]o determine the specific sentence and the appropriate combination of sentencing alternatives that shall be imposed on the defendant, the court shall consider the following . . . ." (Emphasis added). The statute then lists seven criteria for the court to consider.

The Petitioner misconstrues the impact of the permissive and mandatory language contained in subsections (b) and (d). Subsection (b) sets forth circumstances under which the trial court <u>may</u> order a sentence to run consecutively. Subsection (d) states that a court <u>must</u> order a sentence to run concurrently "if the criteria in subsection (b) are not met." In other words, subsection (b) vests the trial court with discretion to impose a consecutive sentence where certain criteria are present, while subsection (d) takes that power away in cases where none of the criteria are satisfied. Nothing in these subsections would mandate, as the Petitioner contends, that a consecutive sentence be ordered every time any one of the criterion in subsection (b) is met. <u>See</u> <u>Jason Settles v. State</u>, No. W2008-00370-CCA-R3-PC, 2009 WL 1026006, at *4 (Tenn. Crim. App. Apr. 15, 2009) (construing section 40-35-115(b)(6) as providing for discretionary consecutive sentencing when a defendant is sentenced for an offense committed while on probation). Accordingly, we conclude that the Petitioner has failed to show that he was sentenced in contravention of any applicable statute and, thus, has not presented a colorable claim for relief pursuant to Tennessee Rule of Criminal Procedure 36.1.

<u>CONCLUSION</u>

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE